# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEDRIC HOPKINS,              ) | |
| ) | Civil Action Number: |
| Plaintiff,            ) | |
| ) | FLSA Action |
| v.                           ) | |
| ) | Jury Trial Demanded |
| CS TRUCK & TRAILER REPAIR   ) | |
| SERVICE, INC.                ) | |
| ) | |
| Defendant.            ) | |

## COMPLAINT

COMES NOW Plaintiff Dedric Hopkins by and through his undersigned counsel, and files this lawsuit against Defendant CS Truck & Trailer Repair Service, Inc. pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended ("FLSA"), and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action seeks unpaid overtime wages and liquidated damages as well reasonable attorneys' fees and costs.

2. Plaintiff files this Complaint in response to Defendant's violations of Plaintiff's rights under the FLSA for failure to pay Plaintiff his rightful overtime wages and thus, Plaintiff seeks unpaid overtime wages, liquidated damages, and reasonably attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and pursuant to the FLSA.

4. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and is subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff resides in Fulton county.

6. Defendant is a large tractor, trailer, repair, paint and body business located at 6575 Marshall Boulevard, Lithonia, Georgia in DeKalb county.

7. Defendant employed Plaintiff in two different capacities: (1) in its body shop department from approximately August, 2015 until June 1, 2018 for $14 an hour; and (2) in its security department from approximately August, 2015 through present for $11 per hour.

8. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Joseph L. Coleman, 1454 Madison Street, Grayson, Georgia 30017.

9. During the relevant time period, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA and had an annual gross volume of sales which exceeded $500,000.

10. During the relevant time period, Plaintiff was an "employee" of Defendant within the definition of the FLSA and worked for Defendant within the territory of the United States.

11. During the relevant time period, Defendant was Plaintiff's "employer" within the definition of the FLSA.

12. Defendant is governed by and subject to the FLSA.

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendant within the past three years.

14. One of the two positions Plaintiff held was in Defendant's body shop department as a chase driver.

15. As a chase driver, Plaintiff was responsible for driving truck drivers to pick up equipment from customers, following truck drivers who were traveling to deliver customers' equipment, and pick up or drop off parts.

16. As a chase driver, Plaintiff worked at least forty hours per week.

17. Defendant also hired Plaintiff in position as security guard.

18. As a security guard, Plaintiff's duties include: monitor the property, walk the property, and keep a log of everyone coming and going.

19. As a security guard, Plaintiff works approximately thirty hours per week.

20. When the positions are combined, Plaintiff regularly worked more than forty hours per week.

21. Defendant, however, did not compensate Plaintiff at a rate of one and one-half for all hours over forty each week.

22. At all times relevant to this action, Defendant had a policy and/or practice of not compensating Plaintiff for time worked in excess of forty hours per week on a basis of one and one-half times his regular rate at which it was by law required.

23. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

24. Plaintiff demands a jury trial.

## COUNT I

25. Plaintiff incorporates herein by reference the above paragraphs of this Complaint as though fully restated herein.

26. Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly compensate Plaintiff for all hours worked and compensate her for overtime in accordance with the FLSA.

27. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

28. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of his overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

29. Defendant is liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times Plaintiff's regular rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA.

30. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

31. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid overtime and liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action;

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled; and

E. That Plaintiff be awarded judgment in this matter in his favor.

Respectfully submitted this 20th day of August, 2018.

MARTIN & MARTIN, LLP

By: /s/Kimberly N. Martin
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070

(404)313-5538 / (770) 837-2678 Fax